Dear Representative Waters:
This opinion is in response to your question asking:
 Can a Clark County elected official also hold a position with the Clark County Ambulance District without a conflict of interest?
Specifically, you are asking whether the Presiding Commissioner of the Clark County Commission can simultaneously hold office as Secretary-Treasurer of the Clark County Ambulance District. Although it is not necessary that the secretary or treasurer of an ambulance district also be a member of the board of directors, you have indicated that the subject of this request is in fact also a director. See Section 190.055.1, RSMo 1986.
There is no express constitutional or statutory provision that prohibits the presiding commissioner of the county commission from occupying the office of ambulance district director. However, it is not necessary that there be an express prohibition since the Missouri courts recognize the common law doctrine prohibiting a public officer from holding two incompatible offices at the same time.
This doctrine of incompatibility of offices is more fully discussed in Missouri Attorney General Opinion No. 2, Anderson, 1961, a copy of which is enclosed. The authorities cited in that opinion conclude that offices are incompatible when the duties and functions are inherently inconsistent and repugnant so that one person cannot discharge the duties of both offices faithfully, impartially, and efficiently. The authorities also note that it is not an essential element of incompatibility that the clash of duty exist in all or in the greater part of the official functions. 67 C.J.S. Officers § 27 (1978), states in part:
 Accordingly, a conflict of interest exists where one office is subordinate to the other, and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one of the offices has the power of appointment as to the other office, or has the power to remove the incumbent of the other or to punish the other. Furthermore, a conflict of interest may be demonstrated by the power to regulate the compensation of the other, or to audit his accounts.
The statutes outlining the authority and duties of the commissioners of county commissions and the directors of ambulance districts contain instances where obvious conflicts would arise if the same person were to hold such offices simultaneously. Section 190.050.1, RSMo 1986, authorizes the county commission to create and reapportion the election districts for ambulance districts. Under certain circumstances, the county commission is also authorized to fill vacancies on the ambulance district board of directors when the board is unable to do so. Section 190.052, RSMo 1986.
In light of these areas of potential conflict between the offices, we conclude that there is in fact an incompatibility and repugnancy between the office of presiding commissioner of a county commission and the office of member of the board of directors of an ambulance district within that county. As a result of such incompatibility and conflict, the same person may not hold these offices simultaneously.
Conclusion
It is the opinion of this office that the same person may not simultaneously hold the office of presiding commissioner of the county commission and the office of member of the board of directors of an ambulance district within that county.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosure: Attorney General Opinion No. 2, Anderson, 1961